# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARQUIS RAQUEL PARRISH and TYESHA LOVE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. _____ ) |
| ASHLEY WOOD, in her individual capacity and in her official capacity as an employee of the Savannah Police Department and THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COME NOW Marquis Raquel Parrish and Tyesha Love, Plaintiffs in the above-styled action, and files this Complaint against Defendants Ashley Wood, in her individual capacity and in her official capacity as an employee of the Savannah Police Department and the Mayor and Aldermen of the City of Savannah, showing the following:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Marquis Raquel Parrish is a citizen and resident of Georgia.

2. Plaintiff's Tyesha Love is a citizen and resident of Georgia.

3. Defendant Ashley Wood is a resident of Chatham County, Georgia and may be served with process at 201 Habersham Street, Savannah, Chatham County, Georgia 31401. Defendant Wood is being sued in both her official capacity and in her individual capacity.

4. Defendant The Mayor and Aldermen of the City of Savannah ("City of Savannah") is a municipal entity located in Chatham County, Georgia. Process may be served upon the City of Savannah through its mayor, Van Johnson, located at 2 East Bay Street, Savannah, Chatham

County, Georgia 31401.

5. Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343(3) and (4), and the Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution.

6. Venue is proper in the Southern District of Georgia pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Chatham County, Georgia in the Southern District of Georgia and because at least one defendant resides in the Southern District of Georgia. To the extent required by O.C.G.A. §36-33-5, *ante litem* notice has been provided within six months of the accrual of the causes of action asserted herein. A copy of the notice is attached hereto as Exhibit "A".

## II. FACTUAL ALLEGATIONS

7. On April 27, 2021, Charles Vinson was reported missing, and five days later, he was found deceased from gunshot wounds on the 2900 block of Julia Law Street in Savannah, Georgia.

8. Savannah Police Department Detective Ashley Wood was assigned as lead detective on the case.

9. On May 7, 2021, Marquis Parrish was arrested and charged with the murder of Charles Vinson. From the beginning, Mr. Parrish maintained his innocence.

10. According to court documents, Detective Ashley Wood obtained 34 search warrants related to the murder of Charles Vinson.

11. A key element to Detective Wood obtaining these search warrants was her claim that Mr. Parrish was seen on surveillance video buying cleaning supplies at Walmart with three other people accused of Vinson's murder.

12. This claim along with information provided by Detective Wood to state prosecutors

led to the July 8, 2021 indictment of Marquis Parrish.

13. Detective Wood was the only witness before the grand jury and every count of the indictment was based solely on her testimony. A copy of the Indictment is attached hereto as Exhibit "B".

14. It was discovered that much of the information Detective Wood provided to state prosecutors was contradicted by events that were recorded on her body-worn camera.

15. Mr. Parrish began raising questions about the warrants related to the security footage over a year ago.

16. In March 2023, Mr. Parrish was able to obtain new counsel.

17. Mr. Parrish's new defense team reviewed the 67 hours of the subject surveillance video and they were unable to locate him on the video.

18. In early April, state prosecutors reviewed the footage and confirmed that Marquis Parrish was not at Walmart as claimed by Detective Wood.

19. These findings led the Savannah Police Department to open an internal investigation of Detective Wood which is currently ongoing.

20. On April 24, 2023, Chatham County District Attorney Shalena Cook Jones asked the presiding judge for a continuance of the scheduled jury trial stating that there was an issue that calls into question the credibility of the lead detective assigned to the case.

21. District Attorney Jones also stated that the State was still waiting on DNA and ballistic evidence from the Georgia Bureau of Investigation.

22. However, Detective Wood had that evidence since 2021, but failed to send it off for testing.

23. Mr. Parrish's defense counsel objected to the continuance based on the length of

time the State had the evidence and how long Mr. Parrish had been in jail but their objection was overruled.

24. On April 25, 2023, Mr. Parrish's attorney filed a Motion to Suppress the search warrants.

25. Three days later, the judge granted Mr. Parrish's bond.

26. According to court documents, after Mr. Parrish was released on bond, he was interviewed by prosecutors, and they believed that Mr. Parrish was truthful.

27. The filing further stated that Mr. Parrish's interview aided prosecutors' determination of the facts of the case.

28. On June 16, 2023, the State dropped all charges against Mr. Parrish, however, by that time, Mr. Parrish, an innocent man, had already served nearly two years in jail. A copy of the Motion and Order Nolle Prosequi is attached hereto as Exhibit "C".

29. At the time of Mr. Parrish's arrest, Plaintiff Parrish and Plaintiff Love were married. Plaintiffs continue to be married.

30. As a result of Plaintiff Parrish's arrest and incarceration, Plaintiff Love and their five children were forced into homelessness.

31. The Parrish/Love family was forced into hiding because of the dangers of the false allegations against Plaintiff Parrish.

32. As a result of Plaintiff Parrish's arrest and incarceration, Plaintiff Love suffered a loss of consortium.

## III. CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1983

Suppression and Alteration of Material Exculpatory Evidence
*(Against Defendant Wood)*

33. At all times relevant to this Complaint, Defendant Wood acted under color of state law as a law enforcement officer with the SPD.

34. Plaintiff Parrish had a clearly established constitutional right to receive unaltered material exculpatory evidence under the Fifth Amendment to the United States Constitution.

35. Defendant Wood illegally, wrongfully and unconstitutionally suppressed material exculpatory evidence.

36. Specifically, Defendant Wood withheld the Walmart video which did not show Plaintiff Parrish participating in the purchase of cleaning supplies used in connection with the murder of Mr. Vinson. Suppression of said video dramatically mischaracterized Ms. Wood's account of events and concealed the fact that there was no evidence linking Plaintiff Parrish to Mr. Vinson's murder.

37. Defendant Wood intentionally fabricated testimony to multiple judges regarding the Walmart video in order to obtain search warrant affidavits.

38. Additionally, Defendant Wood received but withheld DNA and ballistic evidence from being tested which could have exonerated Plaintiff Parrish.

39. Defendant Wood's suppression of evidence and fabricated testimony led to Plaintiff Parrish being wrongly incarcerated for nearly two years.

40. A reasonable law enforcement official would have understood that substantially suppressing material exculpatory evidence violated the Fifth Amendment Due Process Clause. Defendant Wood's conduct lies so obviously at the very core of what the Due Process Clause

5

prohibits that the unlawfulness of her conduct was readily apparent to her.

41. Defendant Wood's suppression of material exculpatory evidence deprived Plaintiff Parrish of his Fifth Amendment right to receive material exculpatory evidence.

42. Furthermore, Defendant Wood instituted, or caused to be instituted, a criminal proceeding against Plaintiff Parrish by intentionally providing false information which caused the arrest and incarceration of Plaintiff Parrish for which there was no probable cause.

43. Plaintiff Parrish was subsequently interviewed by prosecutors wherein he provided information which aided prosecutors in the determination of the facts of the case.

44. The ensuing detention and incarceration of Plaintiff Parrish depended on the fraudulent and false testimony of Defendant Wood, as evidenced by the fact that, upon the Prosecution's subsequent interview with Plaintiff Parrish and investigation of the case, the State dropped all charges against Plaintiff Parrish.

45. There was no intervening prosecutorial decision between Plaintiff Parrish's indictment and the dismissal of the charges against him which was made free from the fraudulent and false testimony by Defendant Wood.

46. By instituting, or knowingly causing the institution of, the criminal proceeding against Plaintiff Parrish without probable cause, Defendant Wood acted with malice or under such circumstances that the law will imply malice.

47. The judicial proceeding against Plaintiff Parrish was terminated in Plaintiff Parrish's favor.

48. As a result of Defendant Wood's conduct, Plaintiff Parrish was wrongfully detained and incarcerated in violation of his rights under the Fourth and Fourteenth Amendments.

49. The aforesaid conduct by Defendant Wood proximately caused damage to Plaintiff

Parrish in that it caused him to experience loss of money, loss of income, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

COUNT II – 42 U.S.C. § 1983

Policy, Practice, Procedure or Custom
*(Against Defendant City of Savannah)*

50. The Savannah Police Department ("SPD") is the law enforcement department of Defendant City of Savannah, which was authorized to and did operate and manage the SPD.

51. At all times relevant to this Complaint, SPD had a policy, practice, procedure and/or custom which permitted employees to alter material exculpatory evidence and/or suppress it from being turned over to criminal defendants and their counsel.

52. This policy, practice, procedure or custom of Defendant City of Savannah, caused a violation of Plaintiff Parrish's constitutional rights under the Fourth, Fifth and Fourteenth Amendments, as described above.

53. Specifically, the SPD placed into effect a program that it either knew or should have known would amount to exculpatory evidence being withheld from criminal defendants and/or being materially altered and false information being provided in a criminal investigation.

54. This unofficial policy by the SPD amounts to a department-wide exhibition of deliberate indifference to the constitutional rights of suspects and defendants, such as Plaintiff Parrish.

55. The SPD implemented and controlled this unofficial policy, practice, procedure and/or custom and encouraged and/or allowed its officers, including Defendant Wood, to alter material exculpatory evidence and/or withhold it from criminal defendants and their counsel.

56. The SPD implemented and controlled this unofficial policy, practice, procedure and/or custom and encouraged and/or allowed its officers, including Defendant Wood, to provide

7

false information and/or testimony against a criminal defendant.

57. The SPD had direct and actual, or at least constructive, knowledge of the constitutional violations that were taking place under this policy.

58. The moving force behind Plaintiff Parrish's unlawful detention was the SPD's deliberate indifference to Plaintiff Parrish's constitutional rights. Upon information and belief, the SPD has repeatedly disregarded the constitutional rights of suspects and criminal defendants in a similar manner.

59. Plaintiff Parrish's wrongful incarceration was the obvious consequence of, and directly linked to, this unofficial practice of the SPD and the actions of Defendant Wood.

60. As a direct and proximate result of the Defendant City of Savannah's actions, Plaintiff Parrish is entitled to damages, including loss of money, loss of income, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT III – 42 U.S.C. § 1983

### Failure to Train
*(Against Defendant City of Savannah)*

61. At all times relevant to this Complaint, Defendant City of Savannah was authorized to and did operate and manage the Savannah Police Department.

62. Defendant City of Savannah is and was at all times required to operate and manage its police practices and activities in a manner that is not deliberately indifferent to the rights of their citizens, including Plaintiff, who come into contact with its police officers.

63. Defendant City of Savannah police officers routinely have to interact with suspects, witnesses and evidence and should be trained to do so.

64. Defendant City of Savannah acted with deliberate indifference to Plaintiff Parrish's rights by failing to train its police officers in at least the following ways:

8

a) Failing to adequately train its police officers on the importance of not altering material evidence in criminal investigations and the severe consequences that may result otherwise;

b) Failing to adequately train its police officers on how to receive, process and respond to requests from prosecutors for evidence, including exculpatory evidence, in criminal cases;

c) Failing to train its officers on the proper way to secure search warrants without the necessity of falsifying information.

65. Defendant City of Savannah acted with deliberate indifference to the rights of Plaintiff Parrish in its failure to properly train its police officers regarding the appropriate handling of witness statements and exculpatory evidence.

66. Defendant City of Savannah's deliberate indifference to the rights of Plaintiff Parrish through its failures to train were failures of policy, widespread practice and/or custom.

67. Defendant City of Svannah's systemic training failures proximately caused Plaintiff Parrish's improper indictment and incarceration in that they proximately, directly and foreseeably caused Plaintiff Parrish to be accused and incarcerated for a crime of which he was innocent.

68. As a direct and proximate result of Defendant City of Savannah's systemic, unconstitutional training practices or policies, Plaintiff Parrish is entitled to damages, including loss of money, loss of income, pain and suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT IV

### Loss of Consortium
*(Against All Defendants)*

69. At all times relevant to this Complaint, Plaintiffs were husband and wife. The

Plaintiffs are still married.

70. As a result of the arrest and incarceration of Plaintiff Parrish, Plaintiff Love suffered a grievous impairment and interference with her society, affection, services, companionship and consortium with her husband.

71. After Plaintiff Parrish was arrested and incarcerated, Plaintiff Love, who was pregnant, gave birth without the benefit of having her spouse attend the birth.

72. After Plaintiff Parrish was arrested and incarcerated, Plaintiff Love, along with their five children became homeless due to the loss of Plaintiff Parrish's income.

73. As a result of the dangers associated with Plaintiff Parrish's arrest and incarceration, Plaintiff Love became afraid for the welfare of herself and her children and were forced into hiding.

74. As a direct and proximate result to Defendant City of Savannah's systemic, unconstitutional training practices or policies, Plaintiff Love is entitled to damages including loss of consortium, loss of money, pain and suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

WHEREFORE, Plaintiffs pray as follows:

a) That summons and process be issued and served upon the Defendants;
b) For a trial by jury comprised of twelve (12) persons;
c) For an award of compensatory and consequential damages for the harm suffered by Plaintiffs;
d) For an award of loss of consortium damages for the harm suffered by Plaintiff Love;
e) For an award of costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;
f) For an award of punitive damages against Plaintiff Wood in an amount sufficient to

punish and deter such conduct;

g) For such other and further different relief as this Court may deem just and proper.

Respectfully submitted this 14th day of September, 2023.

**MANLY SHIPLEY, LLP**

/s/ John B. Manly
JOHN B. MANLY
Georgia Bar No. 194011
JAMES E. SHIPLEY, JR.
Georgia Bar No. 116508
*Attorneys for Plaintiffs*

Post Office Box 10840
Savannah, Georgia 31412
T: (912) 495-5360
F: (844) 362-4952
john@manlyshipley.com
jim@manlyshipley.com