**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| MARQUIS RAQUEL PARRISH and TYESHA LOVE, | |
| Plaintiffs, | Case No.:  4:23-cv-00261-JRH-CLR |
| vs. | |
| ASHLEY WOOD, in her individual capacity and in her official capacity as an employee of the Savannah Police Department and THE MAYOR AND ALDERMEN OF TEH CITY OF SAVANNAH, | |
| Defendants, | |

**ANSWER AND DEFENSES OF ASHLEY WOOD**
**TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant ASHLEY WOOD, through counsel, submits this Answer and Defenses to Plaintiffs' First Amended Complaint (Doc. 17), as follows:

**FIRST DEFENSE**

The Complaint fails in whole or in part to state a claim upon which relief may be granted.

**SECOND DEFENSE**

At all times pertinent to the plaintiff's complaint, this defendant was acting in the good faith discharge of her responsibilities as a law enforcement officer for the City of Savannah, Georgia.

**THIRD DEFENSE**

This defendant is entitled to qualified and official immunity.

**FOURTH DEFENSE**

At all times pertinent to plaintiff's complaint, this defendant was acting on the basis of probable cause.

**FIFTH DEFENSE**

Defendant in her official capacity is entitled to absolute, sovereign, official, municipal immunity, and/or good faith immunity.

**SIXTH DEFENSE**

To the extent Plaintiffs are asserting any claims pursuant to State law, pursuant to O.C.G.A. § 36-33-3, the City of Savannah is not liable for the torts or alleged torts of policemen or other officers engaged in the discharge of the duties imposed on them by law.

**SEVENTH DEFENSE**

Answering the numbered paragraphs of Plaintiff's Complaint, Defendants answer as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Defendant admits the allegations of numbered paragraph 1.

2.     Defendant admits the allegations of numbered paragraph 2.

3.     Defendant admits the allegations in numbered paragraph 3.

4.     Defendant admits the allegations of numbered paragraph 4.

5.     In response to numbered paragraph 5, admits the action is brought as described therein but denies Plaintiffs' entitlement to do so under the facts of this case.

6.     Defendant admits the allegations of numbered paragraph 6.

7.     Defendant admits the allegations of numbered paragraph 7.

## **FACTUAL ALLEGATIONS**

8.      Defendant incorporates by reference the answers to Paragraphs 1 through 7 as if fully set forth herein.

9.      Defendant admits the allegations of numbered paragraph 9.

10.     Defendant admits the allegations of numbered paragraph 10.

11.     Defendant admits the allegations in the first sentence of numbered paragraph 11.  Defendant denies the allegations in the second sentence of numbered paragraph 11.

12.     In response to numbered paragraph 12, Defendant admits she obtained numerous search warrants related to the murder of Charles Vinson.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered paragraph 12.

13.     Defendant denies the allegations in numbered paragraph 13.

14.     Defendant denies the allegations in numbered paragraph 14.

15.     Defendant admits the allegations of numbered paragraph 15.

16.     Defendant denies the allegations of numbered paragraph 16.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 18.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 19.

3

20.     In response to numbered paragraph 20, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that prosecutors reviewed the footage.  Defendant denies the remaining allegations in numbered paragraph 20.

21.     In response to numbered paragraph 21, Defendant admits the Savannah Police Department opened an internal investigation of Defendant, and Defendant denies the remaining allegations of numbered paragraph 21.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 22.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 23.

24.     In response to numbered paragraph 24, Defendant admits upon learning certain DNA evidence related to the investigation of the murder of Charles Vinson had not been transmitted to the GBI lab, she promptly transmitted the DNA evidence to the crime lab for testing.  Defendant otherwise denies the allegations of numbered paragraph 24.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 25.

26.     In response to numbered paragraph 26, Defendant admits Mr. Parrish's attorney filed a Motion to Suppress the search warrants.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 27.

28.     In response to numbered paragraph 28, Defendant states any court alluded to therein speak for themselves and denies any inconsistent allegations, implications, or inferences.

29.     In response to numbered paragraph 29, Defendant states any court alluded to therein speak for themselves and denies any inconsistent allegations, implications, or inferences.

30.     In response to numbered paragraph 30, Defendant admits the State filed a Motion to Nolle Prosequi the case against Marquis Raquel Parrish on June 16, 2023, that the Court granted that Motion the same day, and that a copy of that Motion and Order is attached as Exhibit C to the Complaint.  Defendant denies all other allegations in numbered paragraph 30.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 31.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 32.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 33.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 34.

## COUNT I:  42 U.S.C. § 1983
## Suppressoin and Alteration of Material Exculpatory Evidence
### (Defendant Wood)

35.     Defendant incorporates by reference the answers to Paragraphs 1 through 34 as if fully set forth herein.

36.     Defendant admits the allegations of numbered paragraph 36.

37.     Numbered paragraph 37 states legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations in numbered paragraph 37, except Defendant admits Plaintiff Parrish was entitled to the rights afforded to criminal defendants pursuant to Brady/Giglio.

38.     Defendant denies the allegations in numbered paragraph 38.

39.     Defendant denies the allegations in numbered paragraph 39.

40.     Defendant denies the allegations in numbered paragraph 40.

41.     Defendant denies the allegations in numbered paragraph 41.

42.     Defendant denies the allegations in numbered paragraph 42.

43.     Defendant denies the allegations in numbered paragraph 43.

44.     Defendant denies the allegations in numbered paragraph 44.

45.     Defendant denies the allegations in numbered paragraph 45.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 46.

47.     Defendant denies the allegations set forth in numbered paragraph 47.

48.     Defendant denies the allegations set forth in numbered paragraph 48.

49.     Defendant denies the allegations set forth in numbered paragraph 49.

50.     Defendant admits the allegations set forth in numbered paragraph 50.

51.     Defendant denies the allegations set forth in numbered paragraph 51.

52.     Defendant denies the allegations set forth in numbered paragraph 52.

## COUNT II:  42 U.S.C. 1983
### Malicious Prosecution
### (Defendant Wood)

53.     Defendant incorporates by reference the answers to Paragraphs 1 through

34 as if fully set forth herein.

54.     Defendant admits the allegations of numbered paragraph 54.

55.     Defendant denies the allegations of numbered paragraph 55.

56.     Defendant admits the allegations of numbered paragraph 56.

57.     Defendant denies the allegations of numbered paragraph 57.

58.     Defendant denies the allegations of numbered paragraph 58.

59.     Defendant denies the allegations of numbered paragraph 59.

60.     Defendant denies the allegations of numbered paragraph 60.

61.     Defendant denies the allegations of numbered paragraph 61.

## COUNT III:  42 U.S.C. § 1983
### Policy, Practice, Procedure, or Custom - *Monell* Liability
### (Defendant City of Savannah)

62.     Defendant incorporates by reference the answers to Paragraphs 1 through

34 as if fully set forth herein.

63.     Defendant admits the allegations set forth in numbered paragraph 63.

64.     No response is necessary to the allegations in numbered paragraph 64,

as Count Three is not asserted against Defendant. To the extent a response is required,

Defendant denies the allegations in numbered paragraph 64.

65.     No response is necessary to the allegations in numbered paragraph 65, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant Admits Exhibit D is an article from the Savannah Morning News and a portion of that article is excerpted, but Defendant denies the remaining allegations in numbered paragraph 65.

66.     No response is necessary to the allegations in numbered paragraph 66, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant Admits numbered paragraph 66 references Exhibit D, but Defendant denies the remaining allegations in numbered paragraph 66.

67.     No response is necessary to the allegations in numbered paragraph 67, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant Admits numbered paragraph 67 references Exhibit D, but Defendant denies the remaining allegations in numbered paragraph 67.

68.     No response is necessary to the allegations in numbered paragraph 68, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant Admits numbered paragraph 68 references Exhibit D, but Defendant denies the remaining allegations in numbered paragraph 68.

69.     No response is necessary to the allegations in numbered paragraph 69, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 69.

70.     No response is necessary to the allegations in numbered paragraph 70, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 70.

71.     No response is necessary to the allegations in numbered paragraph 71, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 71.

72.     No response is necessary to the allegations in numbered paragraph 72, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 72.

73.     No response is necessary to the allegations in numbered paragraph 73, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 73.

74.     No response is necessary to the allegations in numbered paragraph 74, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 74.

75.     No response is necessary to the allegations in numbered paragraph 75, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 75.

76.     No response is necessary to the allegations in numbered paragraph 76, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 76.

77.     No response is necessary to the allegations in numbered paragraph 77, as Count Three is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 77.

## COUNT IV:  42 U.S.C. § 1983
## Failure to Train - *Monell* Liability
### (Defendant City of Savannah)

78.     Defendant incorporates by reference the answers to Paragraphs 1 through 34 as if fully set forth herein.

79.     No response is necessary to the allegations in numbered paragraph 79, as Count Four is not asserted against Defendant. To the extent a response is required, Defendant admits the allegations in numbered paragraph 79.

80.     No response is necessary to the allegations in numbered paragraph 80, as Count Four is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 80.

81.     No response is necessary to the allegations in numbered paragraph 81, as Count Four is not asserted against Defendant. To the extent a response is required, Defendant admits the allegations in numbered paragraph 81.

82.     No response is necessary to the allegations in numbered paragraph 82, as Count Four is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 82.

83.     No response is necessary to the allegations in numbered paragraph 83, as Count Four is not asserted against Defendant. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 83.

84.     No response is necessary to the allegations in numbered paragraph 84, as Count Four is not asserted against Defendant. To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 84.

85.     No response is necessary to the allegations in numbered paragraph 85, as Count Four is not asserted against Defendant. To the extent a response is required, Defendant admits the allegations in numbered paragraph 85.

86.     No response is necessary to the allegations in numbered paragraph 86, as Count Four is not asserted against Defendant. To the extent a response is required, Defendant Admits numbered paragraph 86 references Exhibit D, but Defendant denies the remaining allegations in numbered paragraph 86.

87.     No response is necessary to the allegations in numbered paragraph 87, as Count Two is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 87.

88.     No response is necessary to the allegations in numbered paragraph 88, as Count Two is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 88.

89.     No response is necessary to the allegations in numbered paragraph 89, as Count Two is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 89.

## COUNT V
## Malicious Prosecution
### (All Defendants)

90.     Defendant incorporates by reference the answers to Paragraphs 1 through 34 as if fully set forth herein.

91.     In response to numbered paragraph 91, Defendant admits the acts "complained of herein" were performed in the course and scope of her employment with Defendant City of Savannah, and Defendant denies all other allegations of numbered paragraph 91.

92.     Defendant denies the allegations of numbered paragraph 92.

93.     Defendant denies the allegations of numbered paragraph 93.

94.     Defendant admits the allegations of numbered paragraph 94.

95.     Defendant denies the allegations of numbered paragraph 95.

96.     Defendant denies the allegations of numbered paragraph 96.

97.     Defendant denies the allegations of numbered paragraph 97.

## COUNT VI
### Intentional Infliction of Emotional Distress
### (All Defendants)

98.     Defendant incorporates by reference the answers to Paragraphs 1 through 34 as if fully set forth herein.

99.     Defendant denies the allegations of numbered paragraph 99.

100.    Defendant denies the allegations of numbered paragraph 100.

101.    Defendant denies the allegations of numbered paragraph 101.

102.    Defendant denies the allegations of numbered paragraph 102.

103.    Defendant denies the allegations of numbered paragraph 103.

## COUNT VII
### Negligent Retention and Training
### (City of Savannah)

104.    Defendant incorporates by reference the answers to Paragraphs 1 through 34 as if fully set forth herein.

105.    No response is necessary to the allegations in numbered paragraph 105, as Count Seven is not asserted against Defendant. To the extent a response is required, Defendant admits the allegations in numbered paragraph 105.

106.    No response is necessary to the allegations in numbered paragraph 106, as Count Seven is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 106.

107.    No response is necessary to the allegations in numbered paragraph 107, as Count Seven is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 107.

108.    No response is necessary to the allegations in numbered paragraph 108, as Count Seven is not asserted against Defendant. To the extent a response is required, Defendant denies the allegations in numbered paragraph 108.

**COUNT VIII**
**Loss of Consortium**
**(All Defendants)**

109.    Defendant incorporates by reference the answers to Paragraphs 1 through 34 as if fully set forth herein.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 110.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 111.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 112.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 113.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 114.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 115.

**GENERAL DENIAL**

116.    To the extent that any allegation of the Complaint has not been specifically admitted, denied, or otherwise controverted herein, Defendant denies the allegation.

117.    Defendant states Plaintiffs' prayer for relief should be denied in its entirety.

WHEREFORE, having answered fully, Defendant prays as follows:

a)  That Plaintiffs' Complaint be dismissed, and judgment entered in favor of Defendant and against Plaintiffs on all Counts;

b)  That Defendant have a trial by jury on all issues so triable; and

c)  That Defendant have such other and further relief as the Court deems appropriate under the circumstances of this case.

This November 29, 2023.

**/s Charles E. Cox, Jr.**
**Charles E. Cox, Jr., LLC**
Ga. Bar No. 192305
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:   (478) 757-2990
Facsimile:   (478) 757-2991
E-mail:       Charles@cecoxjr.com
**Attorney for Defendant Ashley Wood**

## CERTIFICATE OF SERVICE

I, Charles E. Cox, Jr., hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, who will send notification and a copy of such to all counsel of record.

This November 29, 2023.

**/s Charles E. Cox, Jr.**
**Charles E. Cox, Jr., LLC**
Ga. Bar No. 192305
Post Office Box 67
Macon, Georgia 31202-0067
Telephone:   (478) 757-2990
Facsimile:   (478) 757-2991
E-mail:       Charles@cecoxjr.com
**Attorney for Defendant Ashley Wood**