IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MARQUIS RAQUEL PARRISH and TYESHA LOVE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| ASHLEY WOOD, in her individual capacity and in her official capacity as an employee of the Savannah Police Department and THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Civil Action No.: 4:23-cv-00261-JRH-CLR

**THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

NOW COMES Defendant The Mayor and Aldermen of the City of Savannah ("City of Savannah" or "City") and files this reply brief in support of its Motion to Dismiss Plaintiff's Amended Complaint (Doc. 22) showing the Court as follows:

**A. The City of Savannah Has Not Conflated The Standards Governing A Motion To Dismiss**

In their response, Plaintiffs assert that the City of Savannah improperly conflates the standards for a motion to dismiss and a motion for summary judgment by citing to cases which involve motions for summary judgment. The City of Savannah does not dispute that it cites to such cases, but only to establish the elements of Plaintiffs' *Monell* claims that must be properly alleged to survive a motion to dismiss. As stated in its original brief, the City is well aware that Plaintiffs need only allege "sufficient factual matter to state a claim for relief that is plausible on its face" to survive a motion dismiss under F.R.C.P. 12(b)(6). However, after taking out Plaintiffs' conclusory

1

allegations, legal conclusions and unwarranted deductions of fact, as the Court must do, it is clear that Plaintiffs' have failed to allege a *Monell* claim against the City of Savannah. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

**B. Plaintiffs' Conclusory Averments Are Not Sufficient**

Plaintiffs have taken the mistaken position that they need only allege that Parrish's constitutional rights were violated by the City of Savannah's policy, practice or custom of permitting employees to alter and/or suppress material evidence for its *Monell* claim to survive a motion to dismiss. (Doc. 25, p. 8). Plaintiffs take the same position with respect to their failure-to-train *Monell* claim. (*Id.*) Plaintiffs seemingly fail to recognize that such conclusory statements are precisely the type of allegations that the Court must ignore for purposes of a motion to dismiss. Instead, Plaintiffs are required to allege specific ***facts*** as to each element of their claims that, when taken as true, demonstrate a plausible claim for relief. Plaintiffs have not done so.

### i. *Count III - Monell Claim Based on a Policy, Practice or Custom*

Plaintiffs are required, among other things, to allege facts demonstrating that the City of Savannah had an officially promulgated policy that violated Parrish's constitutional rights or, alternatively, that the City of Savannah had a custom or practice of permitting its police officers to commit the particular constitutional violation claimed by Parrish. *See Greech v. Clayton County*, 335 F.3d 1326, 1329-30 (11 Cir. 2003); *see also Casado v. Miami-Dade Cty.*, 340 F. Supp. 3d. 1320, 1327 (S.D. Fla. 2018). In addition to the cases cited in the City of Savannah's original brief, the *Casado* case is particularly instructive as it relates to the insufficiency of Plaintiffs' allegations with respect to this element of their *Monell* claims.

In *Casado*, the plaintiff attempted to do exactly what the Plaintiffs are seeking to do in this case, which is to assert general, conclusory allegations of a policy, practice or custom that led to

the plaintiff's constitutional violation. 340 F. Supp. 3d. at 1327-28. In fact, just like in this case, the *Casado* plaintiff attempted to cite to a number of other lawsuits filed against the defendant to show that a pattern of constitutional violations existed. Ultimately, the district court dismissed plaintiff's complaint because it did not adequately allege an official policy and was "devoid of any factual allegations of any prior incidents or the [defendant's] alleged knowledge and alleged failure to deter the conduct at issue." *Id.* At 1327. In citing to the Eleventh Circuit, the court further held that reference to other complaints filed against the defendant is insufficient to allege a pattern of misconduct because "the number of complaints bears no relation to their validity." *Id.* (quoting *Brooks v. Scheib*, 813 F.2d 1191, 1993 (11th Cir. 1987).

The Plaintiffs' Amended Complaint is likewise devoid of any ***factual*** allegations of an official City of Savannah policy that led to Parrish's alleged constitutional violation or of other similar incidents that would plausibly establish a widespread practice of police officers altering or suppressing material exculpatory evidence. Accordingly, Plaintiff's *Monell* liability claim should be dismissed.

### ii. *Count IV – Monell Claim Based on a Failure to Train*

Plaintiffs' failure-to-train *Monell* claim shares the same fate because Plaintiffs have not asserted any ***factual*** allegations in support of its conclusory allegation that the City of Savannah acted with deliberate indifference. As set forth in the City's original brief, a plaintiff can satisfy this burden by alleging facts that plausibly demonstrate "a widespread pattern of similar constitutional violations by untrained employees" or a "need for training [] so obvious that a municipality's failure to train its employees would result in a constitutional violation." *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1328-29 (11th Cir. 2015) (upholding dismissal of failure-to-train claim under Rule 12(b)(6)). In *Weiland*, the Eleventh

3

Circuit emphasized the requirement that a plaintiff plead specific facts, not conclusory allegations like those found in the Amended Complaint, to establish such widespread abuse or the obvious need for training. 792 F.3d at 1329, n. 21. In this case, Plaintiffs have arguably alleged facts to support their contention that Defendant Wood was not properly trained. However, allegations supporting a single incident of improper training are insufficient to defeat a motion to dismiss. *Id.*

Because Plaintiffs have not alleged any facts to support their conclusory allegations that the City of Savannah acted with deliberate indifference (*i.e*, a known pattern of misconduct by untrained employees or an obvious need for training), their *Monell* claim based on a failure-to-train must dismissed.

### C. The *Fehrle* Motion to Dismiss Has No Applicability

In its response brief, Plaintiffs make it clear that they have not bothered to look into the relevancy of the other lawsuits referenced in the Amended Complaint. Plaintiffs claim that Judge Baker's order denying the City of Savannah's motion to dismiss in the *Fehrle* case is "not only persuasive but supportive of Plaintiffs' *Monell* allegations in this matter." (Doc. 25, p. 7). This couldn't be more inaccurate. In *Fehrle,* the City of Savannah did not file a motion to dismiss the *Monell* claims based upon the merits of the claim. *Fehrle v. Mayor*, No. 4:22-cv-232, 2023 U.S. Dist. LEXIS 126161 at *29 (S.D. Ga. July 21, 2023). Instead, it simply argued that the plaintiff failed to allege a viable underlying violation of his constitutional rights by the defendant police officer, and thus his *Monell* claim against the City must also fail. *Id.* In fact, contrary to Plaintiffs' assertion, the Court indicated, *sua sponte*, that it "has serious doubts as to whether Plaintiff's claims against the City could survive" under *Monell*. *Id.* at n. 11.

**[Signature on the Following Page]**

4

Respectfully submitted this 26th day of December 2023.

                            **HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

                            */s/TAYLOR L. DOVE*
                            Taylor L. Dove
                            Georgia Bar No. 993210
                            Bradley M. Harmon
                            Georgia Bar No. 327097
                            *Attorneys for City of Savannah*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: TDove@HunterMaclean.com
Email: BHarmon@HunterMaclean.com


                            **OFFICE OF THE CITY ATTORNEY**

                            */s/R. Bates Lovett*
                            R. Bates Lovett
                            Georgia Bar No. 459568
                            Jennifer N. Herman
                            Georgia Bar No. 327017

P.O. Box 1027
Savannah, Georgia 31402
Telephone:  912.525.3092
Facsimile:  912.525.3267
Email: BLovett@savannahga.gov
Email: JHerman@savannahga.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** by using the CM/ECF system which will send a notice of electronic filing to all parties.

Respectfully submitted this 26th day of December 2023.

        **HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

        */s/TAYLOR L. DOVE*
        Taylor L. Dove
        Georgia Bar No. 993210
        *Attorney for City of Savannah*

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone: 912.236.0261
Facsimile: 912.236.4936
Email: TDove@HunterMaclean.com