IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARQUIS RAQUEL PARRISH and   *
TYESHA LOVE,   *
  *
   Plaintiffs,   *
  *   CV 423-261
    v.   *
  *
ASHLEY WOOD and THE MAYOR AND   *
ALDERMAN OF THE CITY OF   *
SAVANNAH,   *
  *
   Defendants.   *

---

**O R D E R**

---

Before the Court is the Mayor and Alderman of the City of Savannah (the "City") and Nicole Khaalis's (collectively, the "Dismissed Defendants") motion for entry of final judgment. (Doc. 94.) For the following reasons, the Dismissed Defendants' motion is **DENIED**.

## I. BACKGROUND

On September 14, 2023, Plaintiffs filed suit against the City, Ashley Wood, and Khaalis. (Doc. 1.) They filed a Second Amended Complaint (the "Complaint") on February 6, 2024, the operative complaint. (Doc. 35.) Plaintiffs brought nine claims: Count I - suppression and alteration of material exculpatory evidence under § 1983 against Wood; Count II - malicious prosecution under § 1983

against Wood; Count III - Monell liability policy, practice, procedure, or custom under § 1983 against the City of Savannah; Count IV - Monell liability failure to train under § 1983 against the City of Savannah; Count V - supervisor liability under § 1983 against Khaalis; Count VI - negligent training and supervision under Georgia law against Khaalis; Count VII - malicious prosecution under Georgia law against Wood; Count VIII - intentional infliction of emotional distress ("IIED") under Georgia law against Wood; and Count IX - loss of consortium under Georgia law against all Defendants. (Id. at 6-21.)  On September 19, 2024, the Court granted in part and denied in part the City and Khaalis's motion to dismiss and dismissed Khaalis as a party to the suit.  (Doc. 50.)

On January 13, 2025, the City moved for summary judgment on all claims against it (Doc. 64), and Wood moved for summary judgment on Counts One, Two, Seven, Eight, and Nine, in her individual capacity (Doc. 65).  On September 26, 2025, the Court granted the City's motion for summary judgment and granted in part and denied in part Wood's motion for summary judgment.  (Doc. 93.) The case is ready to proceed to trial in due course on the remaining claims against Wood.  (Id.)

On October 16, 2025, the Dismissed Defendants filed the present motion, moving the Court to enter final judgment against them.  (Doc. 94.)  They argue there is no just reason to delay

2

entry of final judgment, and equity favors certification of a final judgment.    (Id. at 2-4.)    No responses have been filed.    The Court considers the motion below.

## II. LEGAL STANDARD

"Rule 54(b) 'provides an exception to the general principle that a final judgment is proper only after the rights and liabilities of all the parties to the action have been adjudicated.'"    Hicks v. Middleton, No. 4:21-CV-003, 2022 WL 17491331, at *1 (S.D. Ga. Nov. 28, 2022) (quoting Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997)). The Rule allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if . . . there is no just reason for delay." FED. R. CIV. P. 54(b).

District courts must follow a two-step analysis to determine whether Rule 54(b) certification is proper.    Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007).    "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'"    Id. (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)).    A court's decision is considered "final" only if it "disposes entirely of a separable claim or dismisses a party entirely."    Id. at 779 (citation omitted).    Courts have often stated, "the line between deciding one of several claims and deciding only part of a single

3

claim is very obscure." In re Se. Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995) (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2657, at 67 (2d ed. 1983)). In determining whether a claim is separable, the Eleventh Circuit focuses on the relief requested, stating, "[c]laims are separable when there is more than one possible recovery . . . or if different sorts of relief are sought." Id. (internal citations and quotation marks omitted). Therefore, "even if a district court has adjudicated one count of a complaint, but another count seeks substantially similar relief, the adjudication of the first count does not represent a 'final judgment' because both counts are functionally part of the same claim under Rule 54(b)." Barnett v. MacArthur, 715 F. App'x 894, 900 (11th Cir. 2017) (per curiam) (quoting Lloyd Noland, 483 F.3d at 780). A judgment is "a decision upon a cognizable claim for relief." Lloyd Noland, 483 F.3d at 777 (quoting Curtiss-Wright Corp., 446 U.S. at 7).

Second, if found to be a final judgment, "the district court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." Id. (citing Curtiss-Wright Corp., 446 U.S. at 8). Only after the Court finds the decision to be a final judgment must it determine whether there is no just reason for delay. See Barnett, 715 F. App'x at 900 ("[W]e reach this inquiry only if we first determine that the order

4

was a final judgment."). Generally, there is a "historic federal policy against piecemeal appeals." Ebrahimi, 114 F.3d at 166 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). Thus, the Court is required "to exercise the limited discretion afforded by Rule 54(b) conservatively." Id. (citation omitted).

### III. DISCUSSION

The Dismissed Defendants urge the Court to enter final judgment on the claims against them because it "granted summary judgment and dismissed claims that are entirely separable from those remaining in the pending litigation." (Doc. 94, at 2.) They represent they cannot be held jointly or vicariously liable for the claims remaining against Wood. (Id. at 2-3.) Further, the Dismissed Defendants assert that denying the motion might cause multiple trials and appeals and that certifying final judgment would not unduly burden the courts but would promote judicial economy. (Id. at 3.) They believe entry of final judgment will allow Plaintiffs to decide whether to appeal the prior orders now rather than waiting until after their trial against Wood, which will avoid unnecessary burden, expense, and uncertainty for the Dismissed Defendants. (Id. at 4.)

The Court finds that entry of final judgment is not appropriate at this time. Although there are no remaining claims against the Dismissed Defendants, there are still active claims

against Wood that require full adjudication before judgment can be entered. While the Dismissed Defendants argue entering judgment now could avoid two appeals, the Court finds the opposite true, as there could still be an appeal at the end of trial.

The Court is required "to balance judicial administrative interests and relevant equitable concerns." Ebrahimi, 114 F.3d at 166 (citation omitted). This limits Rule 54(b) certifications "to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." Id. (citations omitted). Such certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Id. (citation omitted). The Court finds this is no such case because "the factual underpinnings of the adjudicated and unadjudicated claims are intertwined," so the Eleventh Circuit "undoubtedly would be required to relearn the same set of facts if and when the case returned . . . on appeal from the district court's final judgment." Id. at 167. Thus, the Dismissed Defendants' motion for entry of final judgment is **DENIED**.

6

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Dismissed Defendants' motion for entry of final judgment (Doc. 94) is **DENIED**.  The case shall proceed to trial in due course on the remaining claims against Ashley Wood.

**ORDER ENTERED** at Augusta, Georgia, this ___11th___ day of June, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

7